UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21636-CIV-HUCK/O'SULLIVAN

ROSEMARIE HERNANDEZ,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

      Defendant.

_____/

## ORDER

THIS MATTER is before the Court on the First Amended Motion to Disqualify Plaintiff's Counsel (DE# 49, 8/6/10) and Aronson's Consolidated Motion to Strike Royal Caribbean's Amended Motion for Disqualification (DE# 54, 8/13/10). For the reasons stated herein, the First Amended Motion to Disqualify Plaintiff's Counsel (DE# 49, 8/6/10) and Aronson's Consolidated Motion to Strike Royal Caribbean's Amended Motion for Disqualification (DE# 54, 8/13/10) are **DENIED**.

## STANDARD OF REVIEW

The defendant has the burden of proof on the instant motion to disqualify. "The party bringing the motion to disqualify bears the burden of proving grounds for disqualification." Hermann v. GutterGuard, Inc., 199 Fed. Appx. 745, 752 (11th Cir. 2006) (citing In re Bellsouth Corp., 334 F. 3d 941, 961 (11th Cir. 2003)); see also, General Cigar Holdings, Inc. v. Altadis, S.A., 144 F. Supp. 2d 1334, 1337 (S.D. Fla. 2001) ("The burden of proof initially is on the moving party to establish grounds for disqualification.").

Disqualification of counsel is a drastic remedy and will not be granted lightly. See Metrahealth Ins. Co. v. Anclote Psychiatric Hospital, Ltd., 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (noting that an order for disqualification is a "drastic means which courts should hesitate to impose except when absolutely necessary.") (citation omitted). A disqualification of counsel must be sparingly granted because it "serves to destroy relationships by depriving a party of counsel of their own choosing." Whitener v. First Union Nat. Bank of Florida, 901 So. 2d 366, 369 (Fla. 5th DCA 2005). "[C]ourts are skeptical [of motions to disqualify counsel] because th[e]se motions are sometimes filed for tactical reasons or to harass the other party." Silvers v. Google, Inc., No. 05-80387-CIV, 2007 WL 141153, at * 1 (S.D. Fla. Jan. 16, 2007).

## ANALYSIS

**A.    Plaintiff's Motion to Strike**

The plaintiff seeks to strike the instant motion to disqualify due to the defendant's alleged failure to confer with Mr. Aronson's counsel as required by Judge Huck's July 30, 2010 Order and the Local Rules of this Court. On July 2, 2010, the defendant filed its first motion to disqualify the plaintiff's counsel. See Defendant Royal Caribbean Cruises Ltd.'s Motion to Disqualify Plaintiff's Counsel (DE# 18, 7/2/10). On July 29, 2010, the defendant sought leave to file a corrected motion to disqualify. See Defendant's Notice of Withdrawing Motion to Disqualify and Request for Leave to File Corrected Motion (DE# 36, 7/29/10). The Court granted the defendant's motion on July 30, 2010. See Order Granting Motion to Withdraw and Motion to Lift Stay (DE# 42, 7/30/10). The Court's Order stated that "Defendant's counsel shall confer with Plaintiff's

2

counsel prior to filing any corrected motion." Id. The Court's Order (DE# 42) further

stated that "[i]n the future, counsel shall comply with all local rules and failure to do so

will result in sanctions." Id. Additionally, Local Rule 7.1(a)(3) provides, in part, that:

> Prior to filing any motion in a civil case, [with certain limited exceptions],
> counsel for the movant shall confer (orally or in writing), or make
> reasonable effort to confer (orally or in writing), with all parties or non-
> parties who may be affected by the relief sought in the motion in a good
> faith effort to resolve by agreement the issues to be raised in the motion. .
> . . **Failure to comply with the requirements of this Local Rule may be
> cause for the Court to grant or deny the motion and impose on
> counsel an appropriate sanction, which may include an order to pay
> the amount of the reasonable expenses incurred because of the
> violation, including a reasonable attorney's fee** . . . .

S.D. Fla. L.R. 7.1(a)(3) (2010) (emphasis added).

The defendant filed its amended motion to disqualify on August 6, 2010. See

First Amended Motion to Disqualify Plaintiff's Counsel (DE# 49, 8/6/10). The

defendant's amended motion contained a Rule 7.1 Certification which stated in its

entirety: "Counsel for Plaintiff have indicated that they oppose the relief sought in this

motion." Id. at 12. On August 13, 2010, plaintiff's counsel, Jonathan Aronson, moved to

strike the amended motion because the defendant failed to confer with Mr. Aronson's

counsel prior to filing the amended motion: "[f]rom the date Royal Caribbean withdrew

its Motion and sought Leave to file a 'corrected' Motion, Royal Caribbean never

discussed the basis for the 'corrected' motion with [Aronson's] counsel." Aronson's

Consolidated Motion to Strike Royal Caribbean's Amended Motion for Disqualification

and Response on the Merits (DE# 54 at 5-6, 8/13/10) (emphasis in original).

The defendant maintains that it conferred with opposing counsel and has

submitted emails and correspondence in support. The undersigned notes that the

3

subject line in these emails refers to a different case, <u>Johnson v. Royal Caribbean Cruises, Ltd</u>. <u>See</u> Exhibit B (DE# 67-2, 9/1/10); Exhibit C (DE# 67-3, 9/1/10). The instant case is referenced in a letter dated July 30, 2010 from the defendant's counsel to James Walker, Mr. Aronson's co-counsel. <u>See</u> Exhibit D (DE# 67-4, 9/1/10). The letter was also emailed to what appear to be Mr. Aronson's and counsel for Mr. Aronson's email addresses. <u>Id</u>.[1] The letter refers to a conversation counsel for the parties had earlier in the day. Referring to that conversation, the defendant's counsel states:

> Consistent with the obligations imposed by Local Rule 7.1, I asked you whether you agree to Royal Caribbean's filing corrected/amended motions to disqualify and you insisted that I needed to provide you with copies of [the] same in order to provide a response. I outlined to you the arguments we intend to make and again asked for your position, in response to which you said that as to the Hernandez matter pending before Judge Huck, Judge Huck has already allowed the filing of a corrected motion . . . . [A]s I have outlined Royal Caribbean's position and intentions, I am going to certify that I have spoken to you in accordance with the applicable rule.

<u>Id.</u>

The defendant was under an obligation pursuant to Judge Huck's prior Order (DE# 42) and Local Rule 7.1(a)(3) to confer with opposing counsel prior to filing the instant motion to disqualify. The defendant fulfilled this obligation. <u>See</u> Exhibit D (DE# 67-4, 9/1/10). Accordingly, Aronson's Consolidated Motion to Strike Royal Caribbean's Amended Motion for Disqualification (DE# 54, 8/13/10) is **DENIED**. The undersigned will now address the merits of the instant motion to disqualify.

_____

[1] The subject line of the email is the <u>Johnson</u> case. Exhibit D (DE# 67-4, 9/1/10).

**B.      Defendant's First Amended Motion to Disqualify**

The defendant seeks to disqualify the plaintiff's counsel because Mr. Aronson

previously represented the defendant in a number of lawsuits from 2000 through 2009.

See First Amended Motion to Disqualify Plaintiff's Counsel (DE# 49 at 1, 8/6/10). The

defendant argues that Mr. Aronson obtained "confidential and vast knowledge" through

his representation of the defendant. Id. The defendant also seeks to disqualify Mr.

Aronson's co-counsel James Walker. Id. at 11. With respect to Mr. Walker, the

defendant argues that "disqualification is warranted because of [Mr. Walker's]

association with [Mr.] Aronson." Id.

The defendant argues that the plaintiff's counsel should be disqualified pursuant

to Rule 4-1.9 of the Florida Bar Code of Professional Conduct. See First Amended

Motion to Disqualify Plaintiff's Counsel (DE# 49 at 3, 8/6/10). "The standards of

professional conduct of the members practicing before this Court include the current

Rules Regulating the Florida Bar." General Cigar Holdings, Inc. v. Altadis, S.A., 144 F.

Supp. 1334, 1338 (S.D. Fla. 2001); see S.D. Fla. L.R. 11.1.C; cf. Cox v. Am. Cast Iron

Pipe Co., 847 F.2d 725, 728 n.4 (11th Cir. 1988) (applying ethical rules adopted by

district court in its local rules to determine appeal from an order disqualifying the

plaintiff's attorney). Rule 4-1.9 governs conflicts of interest with former clients. See

Schulte v. Angus, 14 So. 3d 1279, 1281 (Fla. 3d DCA 2009) (per curiam) (stating that

"Rule 4-1.9 governs conflicts between attorneys and former clients."). Rule 4-1.9 states,

in its entirety, as follows:

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the same or a substantially related matter

5

in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;

(b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or

(c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

R. Regulating Fla. Bar 4-1.9.

"[T]o prevail on a motion to disqualify under Rule 4-1.9, the movant must establish: 1.) the existence of a prior attorney/client relationship . . .  and 2.) that the matters in the pending suit are substantially related to the previous matter or cause of action." Bochese v. Town of Ponce Inlet, 267 F.Supp.2d 1240, 1244 (M.D. Fla. 2003). The undersigned will address these factors below.

**1.      The Existence of a Prior Attorney-Client Relationship**

In the instant case, it is undisputed that an attorney-client relationship existed between Mr. Aronson and the defendant. Therefore, an irrefutable presumption arises that confidences were disclosed between Mr. Aronson and the defendant. See In re Weinhold, 380 B.R. 848, 853 (Bkrtcy. M.D. Fla. 2007) (stating that "[s]ince the existence of a prior attorney-client relationship was established in this case, therefore, an irrefutable presumption arose that [the law firm] received confidential information from [the former client] during the course of the representation."); In re Outdoor Products Corp., 183 B.R. 645, 648 (Bkrtcy M.D. Fla. 1995) (stating that "[u]pon a showing there is an attorney-client relationship, there is a presumption [that] there was a confidential relationship and confidential information was transferred to all members of a firm by the client.").

6

2.      **Whether Aronson's Prior Representations of the Defendant Are Substantially Related to the Instant Case**

The defendant must also establish that the instant case is substantially related to other matters where Mr. Aronson represented the defendant. "This is done by specifically demonstrating the relationship between the subject matters, issues and causes of action of both the present and previous representations so that the court can determine whether a substantial relationship exists." Contant v. Kawaski Motors Corp., U.S.A., Inc., 826 F.Supp. 427 (M.D. Fla. 1993) (citing Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 646 F.2d 1020, 1028 (5th Cir. 1981)). "To be substantially related the matters need only be akin to the present action in a way reasonable persons would understand as important to the issues involved." See McPartland v. ISI Investnment Servs., Inc., 890 F.Supp. 1029, 1031(M.D. Fla. 1995) (internal quotation marks and citations omitted).

The complaint in the instant case alleges that "[o]n or about June 14, 2009 . . . Plaintiff was descending the stairs near the Flo Rider surfing activity when she slipped and fell in a puddle of water at the bottom of the stairs." See Complaint (DE# 1 at ¶ 9, 5/20/10). The complaint further alleges that "[t]he accident occurred due to the unsafe design and condition of the stairs and deck, the negligent failure to properly maintain and repair the area, and Defendant's negligent failure to correct the dangerous condition and/or warn Plaintiff of the aforementioned conditions." Id. at ¶ 10.

The defendant has filed affidavits containing general allegations concerning the defendant's prior representation of the defendant. See Affidavit of Wendy Zepernick

(DE# 49-1, 8/6/10); Affidavit of Amy Yarrow (DE# 49-2, 8/6/10);[2] Declaration of

Salvatore A. Faso II (DE# 49-3, 8/6/10); Affidavit of Stacy Stanley (DE# 49-4, 8/6/10);

Affidavit of David Banciella (DE# 49-5, 8/6/10) and Affidavit of Michele Perez (DE# 49-

6, 8/6/10). None of these affidavits state that Mr. Aronson represented the defendant in

a case involving a slip and fall due to the proximity of the staircase to the Flo Rider

surfing activity. Therefore, the defendant has failed to show that Mr. Aronson previously

represented the defendant on a substantially related matter. See Health Care and

Retirement Corporation of America, Inc. v. Bradley, 961 So. 2d 1071, 1074 (Fla. 4th

DCA 2007) (declining to find that lawsuits were substantially related and observing that

"[u]nlike two products liability cases involving the identical product, each negligence

case turns on its own facts.").

The defendant argues that this case is similar to Tuazon v. Royal Caribbean

Cruises, Ltd., 641 So.2d 417 (Fla. 3d DCA 1994) (per curiam). In Tuazon, the plaintiff

sought certiorari review of an order disqualifying his counsel. Id. at 417. The plaintiff's

counsel, prior to becoming an attorney, worked as an adjuster for the defendant.[3] The

appellate court denied the petition for certiorari review finding that the trial court was

fully justified in disqualifying the plaintiff's counsel. Id. at 418. The defendant argues

---

[2] The defendant filed a corrected affidavit for Ms. Yarrow on August 20, 2010.
See Unopposed Motion for Leave to File Corrected Affidavit (DE# 58, 8/20/10); Order
(DE# 63, 8/24/10).

[3] In a subsequent case, the court explained that the attorney, while working as
an adjuster, "was employed by Nautical Services, Inc." and that "Nautical Services, an
insurance claims management firm, was the local corresponding agent for RCCL's
personal injury insurance carrier." Royal Caribbean Cruises, Ltd. v. Buenaagua, 685
So. 2d 8, 9 (Fla. 3d DCA 1996), rev. denied, 697 So.2d 512 (Fla. 1997).

that the instant case is akin to Tuazon because: "[Mr.] Aronson defended [the defendant] in hundreds of cases and had unfettered daily access to [the defendant] for years and was treated by [the defendant] as if he was an employee of the company." First Amended Motion to Disqualify Plaintiff's Counsel (DE# 49 at 7, 8/6/10).

The undersigned finds that the instant case is distinguishable from Tuazon. Mr. Aronson was never an employee of the defendant. Morgan Stanley & Co., Inc. v. Solomon, No. 08-81330, 2009 WL 413519, * 6 (S.D. Fla. Feb. 19, 2009) (distinguishing Tuazon on the same grounds and noting that "[b]y virtue of that status, the former employee possessed considerably more knowledge than an attorney who had previously represented Royal Caribbean."). Moreover, the plaintiff's counsel in Tuazon "had access to confidential information as to **substantially similar matters** brought by other seamen" while he was employed as an adjuster for the defendant. Tuazon, 641 So. 2d at 417 (emphasis added). Here, the defendant has not shown that Mr. Aronson represented the defendant in matters that were substantially related to the instant case – that is, slip and falls arising from the proximity of a staircase to the Flo Rider surfing activity. As counsel for Mr. Aronson points out, the same appellate court in Royal Caribbean Cruises, Ltd. v. Buenaagua, 685 So. 2d 8, 10 (Fla. 3d DCA 1996), rev. denied, 697 So.2d 512 (Fla. 1997) denied Royal Caribbean's petitions for writs of certiorari seeking review of multiple orders denying Royal Caribbean's motions to disqualify the same attorney from Tauzon noting that "in addition to the passage of time – the claims adjuster the attorney worked for was no longer associated with Royal Caribbean and that the accidents giving rise to the lawsuit occurred well after [the attorney's] employment as an adjuster ended, ensuring there was no possibility [the

9

attorney] would have access to information from his previous employment that would give him a present advantage." <u>See</u> Response (DE# 54 at 19, 8/13/10) (citing <u>Buenaagua</u>, 685 So. 2d at 10) (footnote omitted). The appellate court in <u>Buenaagua</u> noted that there was no substantial relationship between the cases the plaintiff's attorney had access to as an adjuster and those he was prosecuting as an attorney against Royal Caribbean: "[t]he only similarities [Royal Caribbean] alleges are that all the cases involved seamen's injuries. [Royal Caribbean] presents us only with the blanket assertion that all Jones Act cases are similar." <u>Buenaagua</u>, 685 So.2d at 10.

The undersigned finds that this case is more akin to <u>Morgan Stanley & Co., Inc. v. Solomon</u>, No. 08-81330, 2009 WL 413519 (S.D. Fla. Feb. 19, 2009). In that case, an attorney was previously employed as an associate at a law firm. The law firm "represented [a financial services firm] with respect to securities litigation, which included handling arbitration claims and class action claims involving securities. The vast majority of the cases were arbitrations arising out of suits brought against [the financial services firm] by individuals who lost money in investments." <u>Id.</u> at *1. "In the two-year period during which [the attorney] was engaged in the representation of [the financial services firm], he billed about 1,500 hours of time." <u>Id.</u> The attorney subsequently left the law firm and started his own firm. <u>Id.</u> The attorney's "law practice . . . consist[ed] of representing plaintiffs in securities arbitrations" and "represent[ed] three customers in arbitrations . . . against [the financial services firm]." <u>Id.</u> The financial services firm sought to enjoin the attorney and his firm from representing these three clients and future clients in matters against the financial services firm. <u>Id.</u> This Court found that the attorney had not violated Rule 4-1.9(a) or (b). <u>Id.</u> at *5-6. With respect to

10

Rule 4-1.9(a), this Court found that the financial services firm had failed to show that the current matters were substantially related to the prior cases in which the attorney represented the financial services firm noting that each of the three current cases "involve[d] unique facts" and that "there [wa]s no showing that [the attorney] defended [the financial services firm] against claims either brought by the same individuals, involving the same securities or the same brokers." Id. at *4. With respect to Rule 4-1.9(b), this Court found that there was "no substantial risk that [the attorney] ha[d] confidential information that c[ould] be used against [the financial services firm]." Id. at *6. This Court reasoned that the attorney's "knowledge of [the financial services firm]'s discovery procedure, organizational structure and internal policies f[e]ll under the category of information that any reasonably prudent lawyer who had not previously represented [the financial services firm] would obtain by virtue of filing suit against [the financial services firm] and conducting discovery." Id.

Similarly here, Mr. Aronson previously represented the defendant on a number of legal matters including slip and fall cases. However, the facts of a slip and fall case are specific to each case and the defendant has failed to show that there is a substantial relationship between the slip and fall cases Mr. Aronson previously worked on for the defendant and the instant case.

The defendant states that:

> [Mr.] Aronson counseled RCL about confidential safety issues aboard its ships, that he had access to RCL's self-critical safety analyses, that he had a vendor badge that allowed him access to RCL's premises and ships, that he prepared adjusters in anticipation of depositions involving crew and passenger claims, that he had access to the adjuster's files, including confidential information regarding RCL's internal valuation of claims, that he conducted in-house training, and that he was a central

> participant and advisor in developing RCL's strategies for keeping
> confidential information confidential.

Defendant's First Amended Consolidated Reply in Support of Disqualification (DE# 67 at 8, 9/1/10). However, the defendant does not connect the aforementioned work Mr. Aronson preformed for the defendant to the subject stair case or the Flo Rider surfing activity. Thus, the fact that Mr. Aronson worked on a number of safety issues for the defendant would not necessarily disqualify him from representing the plaintiff in the instant case.

The defendant argues that "as a result of the attorney-client relationship with RCL, [Mr.] Aronson was privy to confidential information that is not generally known or discoverable." Defendant's First Amended Consolidated Reply in Support of Disqualification (DE# 67 at 8-9, 9/1/10). That is the case with **any** attorney-client relationship. Yet, Rule 4-1.9 does not disqualify an attorney by virtue of the existence of a prior attorney-client relationship. There must also be a substantial relationship between the prior representation and the instant matter. "Before a client's former attorney can be disqualified from representing adverse interests, it must be shown that the matters presently involved are substantially related to the matters in which prior counsel represented the former client." Waldrep v. Waldrep, 985 So. 2d 700, 702 (Fla. 4th DCA 2008) (citation and emphasis omitted). Here, the defendant has failed to make a connection between Mr. Aronson's prior representation of the defendant and the instant matter.

The defendant further states that:

> [Mr.] Aronson's argument that disqualification is not warranted because
> RCL has not established that he has knowledge of specific facts that are

> substantially related to this case is wrong. That argument both ignores the irrefutable presumption that confidences were disclosed to an attorney based on the prior attorney-client relationship and requires the waiver of the privilege to prove the need for protection.

Defendant's First Amended Consolidated Reply in Support of Disqualification (DE# 67 at 14, 9/1/10) (emphasis omitted). However, the defendant would not have to waive any privilege in meeting its burden of establishing that Mr. Aronson handled substantially related cases. The defendant could provide information from pleadings, responses to written discovery, depositions and/or trial testimony to establish the similarity between prior slip and fall cases in which Mr. Aronson represented the defendant and the instant case. The defendant has not done so.[4]

The defendant further argues that Mr. Aronson should be disqualified because in representing the plaintiff he will be attacking the prior work he performed for the defendant. The comment to Rule 4-1.9 states that "[m]atters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the

---

[4] By way of example, the defendant states that "[i]n one instance, [Mr.] Aronson obtained a negative report from an expert" and as a result settled the case at mediation "in order to keep the confidential expert opinion regarding a design flaw confidential." Defendant's First Amended Consolidated Reply in Support of Disqualification (DE# 67 at 10, 9/1/10). The defendant further states that "[Mr.] Aronson knows of a potential problem, which he learned in defense of a case, which may or may not be endemic to all of RCL's ships" and that "[Mr. Aronson] suing RCL given this type of knowledge is fundamentally untenable in view of the attorney-client privilege." Id. The defendant does not disclose the nature of the design flaw. Thus, the design flaw could relate to any number of different areas on a ship, such as the staterooms, swimming pools, spas, restaurants, theaters, elevators, etc. If the defendant believed the design flaw was substantially related to the instant case, e.g. the same stair case from which the plaintiff fell or a passenger falling near the Flo Rider surfing activity, it could have filed a copy of the complaint describing the accident. This would establish a substantial similarity without revealing any confidential information.

former client." In re Amendments to the Rules Regulating the Florida Bar, 24 So.3d 63,

120 (Fla. 2009). In Health Care and Retirement Corporation of America, Inc. v. Bradley,

961 So. 2d 1071 (Fla. 4th DCA 2007), the court refused to disqualify an attorney who

had represented the defendant nursing home in claims brought by nursing home

residents. The court found that the attorney "handled a 'type of problem' for [the nursing

home] – negligence cases involving patients who suffered from pressure ulcers or falls.

. . . [u]nlike two products liability cases involving the identical product, each negligence

case turns on its own facts. Therefore, the work in this case does not involve [the

attorney] attacking [the] work that [the attorney] performed for the former client." Id. at

1073-74 (citation and internal quotation marks omitted). Similarly here, although Mr.

Aronson worked on slip and fall cases on behalf of the defendant, the defendant has

not shown that Mr. Aronson defended slip and fall cases arising from the proximity of

the Flo Rider surfing activity to the stair case. Thus, there is no evidence that Mr.

Aronson would be attacking his prior work in representing the plaintiff in the instant

case.

      In sum, the defendant has failed to show that any of Mr. Aronson's prior legal

work for the defendant was substantially related to the instant case – that is, that it

involved slip and falls caused by the proximity of a stair case to the Flo Rider surfing

activity. Because the defendant has failed to show that the matters in which Mr.

Aronson previously represented the defendant are substantially related to the instant

case, the defendant is not entitled to disqualification of its former counsel. See In re

Servicio, Inc., 149 B.R. 1009, 1012 (Bkrtcy. S.D. Fla. 1993) (stating that "Rule 4-1.9(a)

cannot be violated if the matters forming the basis of the alleged conflict of interest are

14

not, at least, 'substantially related.'"). Because there is no basis for disqualifying Mr. Aronson, the undersigned does not need to address whether Mr. Walker should be disqualified.

## CONCLUSION

It is undisputed that a prior attorney-client relationship existed between Mr. Aronson and the defendant. However, because the defendant has failed to show that the instant matter is substantially related to the prior matters in which Mr. Aronson represented the defendant, Mr. Aronson should not be disqualified from representing the plaintiff in the instant matter. Accordingly, it is

ORDERED AND ADJUDGED that the First Amended Motion to Disqualify Plaintiff's Counsel (DE# 49, 8/6/10) is **DENIED**. It is further

ORDERED AND ADJUDGED that Aronson's Consolidated Motion to Strike Royal Caribbean's Amended Motion for Disqualification and Response on the Merits (DE# 54, 8/13/10) is **DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **7th** day of September, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U.S. District Judge Huck
All counsel of record

15