IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 10-21636-CIV-HUCK/O'SULLIVAN

ROSEMARIE HERNANDEZ,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation,

    Defendant.

_____/

## WALKER'S RESPONSE TO DEFENDANT'S APPEAL OF ORDER DENYING DEFENDANT'S FIRST AMENDED MOTION FOR DISQUALIFICATION

Plaintiff's counsel, **WALKER & O'NEILL, P.A.** ("Walker"), hereby files this Response to Defendant's Appeal of Order [D.E. 74] Denying Defendant's First Amended Motion for Disqualification, and states as follows:

### INTRODUCTION

This is Defendant's *third* attempt in this case to disqualify Aronson and Walker. The parties have already exhaustively briefed the relevant facts, following Defendant's initial disqualification motion [D.E.18] which Defendant (abandoned after Walker served a motion for Rule 11 sanctions) and Defendant's amended motion [D.E. 49 ]. Magistrate O'Sullivan carefully considered the legal issues raised by the parties in arguing about the disqualification issues. In denying Defendant's motion, the Magistrate found that Defendant failed to introduce any evidence establishing a substantial relationship between

this case and any cases previously handled by former defense lawyer, Jonathan Aronson ("Aronson") or that Aronson was privy to relevant confidential information.

Defendant now resorts to this ill-founded appeal and, in the process, substantially misrepresents the Magistrate's Order.

## ARGUMENT

Defendant advances three arguments in appealing Magistrate O'Sullivan's Order, each of which is based on distortions of the Order:

> **Argument no. 1:** Defendant argues that Magistrate O'Sullivan failed to properly apply Rule 4-1.9(a) by suggesting that his Order concluded that matters must have "identical" issues and facts in order to be considered substantially related under the Rule. [D.E. 78, p. 12].
>
> **Response:** The Order says no such thing. "Substantially related" is a narrowly drawn concept and Magistrate O'Sullivan properly concluded that this matter is not connected to Aronson prior representation of Defendant.
>
> **Argument No. 2:** Defendant argues that Magistrate O'Sullivan erred in requiring that disqualifying information under Rule 4-1.9(b) must be "substantially related" rather than "relevant." [D.E. 78, p. 2-6].
>
> **Response:** Defendant advances a novel and all-encompassing definition of the term "relevant." If adopted, this definition would disqualify all lawyers who previously represented a client, notwithstanding the comments to the Rule which specifically authorize such representation. Magistrate O'Sullivan correctly analyzed the information allegedly known by Aronson and concluded that it had no connection to this case.
>
> **Argument No. 3:** Defendant argues that Magistrate O'Sullivan erred in requiring the Defendant to disclose with specificity the disqualifying confidential information allegedly known by Aronson [D.E. 78, p. 10-12].
>
> **Response:** In fact, Magistrate O'Sullivan required only that Defendant identify the nature of the disqualifying information - not that Defendant

actually disclose it with specificity. The Court provided Defendant a detailed road map of how to do so without breaching confidentiality. [D.E. 74, p.13, f.n. 4.]. Even with these instructions, Defendant is unable to identify specific information connected to this case because none exists.

### Magistrate O'Sullivan Correctly Determined That Defendant Failed To Establish That Aronson Was Involved In Any "Substantially Related" Matters Under Rule 4-1.9(a)

Defendant alleges that the Court's interpretation of Rule 4-1.9(a) is "clearly erroneous." [D.E. 78, p. 12]. It bases this conclusion on the patently false statement that the Order required cases to have identical fact and issues in order to be substantially related:

> RCL agrees with Magistrate O'Sullivan that the facts of each negligence claim are specific to that case and acknowledges that Aronson never defended a claim for RCL involving the Flo Rider. <u>However, in limiting his definition of "substantially related" to claims involving identical facts and issues, Magistrate O'Sullivan ensures that no two matters will ever be substantially related unless they are in fact the same matter</u>."

[D.E. 78, p.12].

In fact, Magistrate O'Sullivan engaged in an extensive analysis of the facts and issues involved in this case.[1] Finding that "the defendant does not connect the aforementioned work Mr. Aronson preformed for the defendant to the subject stair case of the Flow Rider surfing activity," Magistrate O'Sullivan determined that the cases were not substantially related. [D.E. 74, p. 12]. He concluded, as have numerous other courts addressing this issue, "the facts of a slip and fall case are specific to each case and the

---

[1] "Substantially related' is a "narrowly defined concept," *Health Care & Ret. Corp. v. Bradley,* 961 So. 2d 1071, 1073 (Fla. 4th DCA 2007).

3

defendant has failed to show that there is a substantial relationship between the slip and fall cases Mr. Aronson previously worked on for the defendant and the instant case." [D.E. 74, p. 11]. *See, e.g., Royal Caribbean v. Buenaagua*, 685 So. 2d 8, 11 (Fla. 3d DCA 1996)("it is a basic principle of our jurisprudential system that all patent cases are similar; all bankruptcy cases are similar; indeed, all eviction, negligence and immigration cases, and all cases of singular type share elements in common."); *Morgan Stanley & Co. v. Soloman*, 2009 WL 413519, *1, No. 08-81330-Civ, (S.D. Fla. February 19, 2009). "[T]he defendant has failed to make a connection between Mr. Aronson's prior representation of the defendant and the instant matter." [D.E. 74, p. 12].

Magistrate O'Sullivan never ruled that the cases have "identical facts and issues" as suggested by the Defendant. Nowhere does the Order contain the words "identical."

### Magistrate O'Sullivan Correctly Analyzed the Information Allegedly Known by Aronson Under Rule 4-1.9(b)

Rule 4-1.9(b) requires disqualification of an attorney if the attorney possess confidential information, not generally known or discoverable, which is relevant to the case at issue.[2] Defendant suggests that Magistrate O'Sullivan committed error by reviewing

---

[2] Aronson and Walker vehemently dispute that Aronson possesses the confidential information alleged by Defendant. See Aronson Affidavit [D.E. 31] and Walker Affidavit [D.E. 32]. Moreover, Walker alleges that any information which Aronson possesses is known by Walker or would be obtained by Walker during the course of litigation. Walker Affidavit [D.E. 32]. Plaintiff will not re-argue these points, which have previously been extensively briefed, in this memorandum. Even if all of Defendant's allegations were taken as true, however, Defendant has still failed to meet its burden of proof under Rule 4-1.9.

the confidential information allegedly possessed by Aronson under the "substantially related" standard of Rule 4-1.9(a) rather than the "relevancy" standard of Rule 4-1.9(b). By their very nature, however, these two concepts are related. Factors considered by a court to determine if two cases are substantially related are also germane as to whether information obtained in one case is relevant to another case. As is the case here, analysis of one criteria will often determine the other.

Magistrate O'Sullivan concluded that because there was no connection between the subject case and Aronson's case, they were not substantially related under Rule 4-1.9(a). This analysis applies equally to a relevancy inquiry under Rule 4-1.9(b). Logically, if two cases have no connection, it is hard to envision how information under one case might be relevant to the other. As a practical matter, Magistrate O'Sullivan did analyze the information under Rule 4-1.9(b) using a lesser threshold than that of "substantially related." He required that there be a connection between the work previously preformed by Aronson on behalf of the cruise line and the present case.  [D.E.74, p. 11-12].

> Defendant argued that Aronson should be disqualified because:
>
> Aronson counseled RCL about confidential safety issues aboard its ships, that he had access to RCL's self-critical safety analyses, that he had a vendor badge that allowed him access to RCL's premises and ships, that he prepared adjusters in anticipation depositions involving crew and passenger claims, that he had access to the adjuster's files, including confidential information regarding RCL's internal valuation of claims, that he conducted in-house training, and that he was a central participant and advisor in developing RCL's strategies for keeping confidential information confidential.

[D.E. 67,p.14]. Magistrate O'Sullivan concluded that Defendant had failed to show how this information was connected, or relevant, to this case.

> [T]he defendant does not connect the aforementioned work Mr. Aronson preformed for the defendant to the subject stair case or the Flo Rider surfing activity. Thus the fact that Mr. Aronson worked on a number of safety issues for the defendant would not necessarily disqualify him from representing the plaintiff in the instant case.

[D.E. 74, p. 12].

Defendant further argues that Magistrate O'Sullivan erred in not applying Defendant's novel and expansive definition of the term "relevant." According to Defendant, relevancy is "a low standard." [D.E. 78, p. 4], which is inconsistent with the case indicating that disqualification is an extraordinary remedy. Defendant ignores that Magistrate O'Sullivan concluded that the information known by Aronson was not connected – i.e. relevant - to the subject matter. Instead Defendant would have this Court adopt a definition of the word relevant which would swallow Rule 4-1.9 (b) and preclude an attorney from ever accepting a case adverse to a former client. The comments to Rule 4-1.9, however, preclude this expansive definition of the word relevant. They specifically contemplate and allow an attorney formerly representing a client with regard to a type of problem to later take a position adverse to the former client in another matter handling the same type of problem.[3] In the hypothetical case cited in the comments to Rule 4-1.9 and

---

[3]Comments to Rule 4-1.9 state :"[A] lawyer who recurrently handled a type of problem of a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client.". Comments to Rule 4-1.10 state"the rule

6

curiously relied upon by the Defendant, an attorney cannot represent an <u>individual</u> in a financial matter and then subsequently represent the spouse in a divorce proceeding. This representation would be disallowed under Rule 4-1.9(b). The information which Aronson allegedly possesses, general corporate policies and procedures, is precisely the type which the comments to the Rule expressly exempt from being the basis for disqualification:

> However, the fact that a lawyer has once served a client does not preclude the lawyer form using <u>generally known information</u> about that client when later representing another client. <u>Information that has been widely disseminated by the media</u> to the public, or that typically would be <u>obtained by any reasonably prudent lawyer</u> who had never represented the former client, should be considered generally known and ordinarily will not be disqualifying. The essential question is whether, but for having represented the former client, the lawyer would know or discover the information. Information acquired in a prior representation may have been rendered obsolete by the passage of time. In the case of an organizational client, <u>general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation</u>; on the other hand, knowledge of specific facts gained in a prior representation that are relevant to the matter in question ordinarily will preclude such a representation. (emphasis added).

Comments to Rule 4-1.9.

---

of disqualification should not be so broadly cast as to preclude other persons from having reasonable choice of legal counsel. Third, the rule of disqualification should not unreasonably hamper lawyers from forming new associations and taking on new clients after having left a previous association. In this connection, <u>it should be recognized that today many lawyers practice in firms, that many to some degree limit their practice to one field or another, and that many move from one association to another several times in their careers. If the concept of imputed disqualification were defined with unqualified rigor, the result would be radical curtailment of the opportunity of lawyers to move from one practice setting to another and of the opportunity of clients to change counsel</u>. (emphasis added)

Magistrate O'Sullivan correctly concluded that information which Defendant alleges Aronson possess is not relevant under Rule 4-1.9(b).

### **Defendant Failed to Identify Specific Facts Under Rule 4-1.9(b) Which Would Warrant Disqualification**

Defendant argues that Magistrate O'Sullivan erred by requiring "proof of the privileged information in order to establish Aronson's disqualification." [D.E. 78, p.10]. Defendant confuses <u>identifying</u> privileged information with <u>disclosing</u> privileged information. These are two entirely distinct concepts. Privileged information is generally protected from disclosure. Even privileged information, however, is not protected from identification. In discovery, parties wishing to protect confidential information from disclosure are still required to disclose the existence of such information in a privilege log and to identify it with specificity. Even then, claims of privilege are subject to scrutiny by the Court.

Defendant attempts to use a generalized claim of privilege to disqualify Aronson. This is tantamount to disqualification by innuendo and is contrary to the rule that disqualification is an extreme measure that should be granted sparingly. See, *Kaplan v. Divosta Homes*, 20 So. 3d 459, 461 (Fla. 2d DCA 2009); *Vick v. Bailey*, 777 So. 2d 1005, 1007 (Fla. 2d DCA 2000), *Akrey v. Kindred Nursing Centers*, 837 So. 2d 1142, 1145 (Fla. 2d DCA 2003) ("bald assertion" that cases involved identical subject matter rejected as basis for disqualification). Under Rule 4.19(b) Defendant has the burden of proving that grounds for disqualification exist. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003).

Defendant relies on the Florida Supreme Court case of *State Farm v. K.A.W.*, 575 So. 2d 630 (Fla. 1991) for the proposition that it does not have to identify confidential information. The case is inapposite. *K.A.W.* involved an attorney representing a family who was injured in a car accident while the father was driving. During the course of the litigation the mother and daughter sued the father under the theory of contributory negligence <u>in the same case</u>. The father retained different counsel, and the underwriters moved to disqualify the mother and daughter's attorney because he had previously represented the father. The court ruled that the disqualification was warranted.

*K.A.W.* was decided in 1991, prior to the 2006 amendments to the rules governing attorney disqualifications. The *K.A.W.* court correctly concluded that the representation was disallowed because the matter <u>involved the same case</u>. As such, there was an irrefutable presumption that confidences regarding the case were disclosed. The court required no further proof in order to disqualify the attorney. "[D]isclosure of confidences previously given to the attorney" was not required because the court had already determined that the cases were substantially related. *K.A.W.*, p. 634.

The facts of *K.A.W.* case are far different than the present case. The *K.A.W.* case involved an attorney's representation <u>in the same case</u>. This case involves a slip and fall on a stair way of the *M/S Liberty of the Seas* next to a FlowRider surfing activity. Aronson has never been on the *M/S Liberty of the Seas*. He has never defended a case on the *M/S Liberty of the Seas*. He has never defended any case involving a FlowRider, much less one

on the *M/S Liberty of the Seas*. Unlike the *K.A.W.* case, this case is not substantially related to Aronson's prior representation of the Defendant for purposes of Rule 4-1.9(a).[4]

The only basis for disqualification of Aronson would be under Rule 4-1.9(b) which hinges on whether Aronson posses the type of relevant, confidential information protected by the Rule. As contrasted with the *K.A.W.* case, further inquiry into the nature of the information possessed by Aronson is warranted.

Defendant claims that Aronson has "knowledge of *specific* safety issues on RCL ships and of *specific* remedial actions RCL has either taken or considered to remedy these issues." [D.E. 78, p. 6]. What Defendant doesn't say, because it cannot, is that whether the safety measures or remedial actions pertain to either a stairwell or the M/S Liberty of the Seas or even a passenger issue.

Defendant's bald assertions that Aronson has confidential information which is relevant or specific to this case does make it so. Magistrate O'Sullivan recognized this fact and stated:

> The defendant further states that "[Mr.] Aronson knows of a potential problem, which he learned in defense of a case, which may or may not be endemic to all of RCL's ships" and that "[Mr. Aronson] suing RCL given this

---

[4]*See, e.g., State Farm v. K.A.W.*, 575 So. 2d 630 (Fla. 1991)(attorney disqualified from representing father, mother and child in uninsured motorist claim when father was subsequently sued under theory of contributory negligence in the same case); *Gaton v. Health Coalition*, 745 So. 2d 510 (Fla. 3rd DCA 1999)( law firm disqualified after new attorney joined law firm who had represented the other side in an on-going case); *Outdoor Products v. Harpley*, 183 B.R. 645 (M.D. Fla. 1995)(law firm disqualified after it hired attorney who had previously represented defendant in the same preference proceedings).

> type of knowledge is fundamentally untenable in view of the attorney-client privilege." Id.  The defendant does not disclose the nature of the design flaw. Thus, the design flaw could relate to any number of different areas on a ship, such as the staterooms, swimming pools, spas, restaurants, theaters, elevators, etc.

[D.E. 74, p. 13, f.n. 4].  Magistrate O'Sullivan noted that the Defendant would not have to waive privilege in showing that Aronson possessed disqualifying information.  Defendant could "provide information from pleadings, responses to written discovery, depositions and/or trial testimony to establish the similarity between prior slip and fall cases in which Mr. Aronson represented the defendant and the instant case." [D.E. 74, p. 13].  Defendant failed to identify this information in its prior motions and has failed to do so in this appeal.  The reason is obvious.  No such disqualifying information exists.

The Court should note that Defendant is attempting to disqualify Aronson and Walker in two other cases, involving completely different facts, based on exactly the same declaration and affidavits filed by Defendant in this case.  In *Kevin Chambers v. Royal Caribbean*, Miami-Dade Circuit Case No. 09-74578 CA 13, a crew member slipped in the galley on the Majesty of the Seas.  In *Charlene Johnson v. Royal Caribbean,* U.S. District Case No. 10-21650-Civ-Moreno/Torres, a passenger slipped off of a boogie board while trying to surf on the FlowRider water attraction on the Oasis of the Seas.  In both cases, Defendant filed the exact declaration of cruise line in-house lawyer Tony Faso in which he claims that

*every single one* of the 289 cases that Aronson previously defended is substantially related to these three cases.[5] [D.E. 49].

In Defendant's eyes, a passenger falling from a boogie board on the new mega-ship Oasis of the Seas is substantially related to a cook slipping in the galley on the old Majesty of the Seas cruise ship. Defendant considers every prior case Aronson handled to be substantially related to every single one of these three disparate cases and undoubtedly, any case Aronson files in the future. Any fall on a cruise ship is close enough to kick Aronson off of the case as far as Defendant is concerned - in a galley (*Chambers*), on a step (*Hernandez*), and even from a boogie board (*Johnson*) on a water attraction on a new class of cruise ship which was not even in service when Aronson stopped defending cruise line cases. Indeed, Defendant filed the deposition transcript taken in the state court *Chambers*' case (involving a crew member in this case) to try and disqualify Aronson in this passenger case.

Defendant chose to make a general, vague and conclusory argument that everything Aronson did while defending this cruise line is related to this case. It cites nothing substantially related to this case by way of proof.

---

[5]Mr. Faso worked at Carnival Cruise Line until 2008, but Defendant filed a declaration by him claiming that Mr. Faso had knowledge of the nature of Mr. Aronson's cases from 2000 - 2009.

Defendant is attempting to disqualify Aronson with a cloud of smoke and lots of speculation and innuendo. There are no facts relating this case to any case previously handled by Aronson.

## CONCLUSION

For the third time Defendant has failed to carry its burden under Rule 4-1.9 in showing why Aronson, much less Walker, should be disqualified. Defendant's attempt to disqualify Aronson and Walker is strategically motivated and should be denied.

Dated: October 4, 2010  Respectfully submitted,

Miami, Florida

/s/ James M. Walker
James M. Walker
Florida Bar No. 755990
WALKER & O'NEILL, P.A.
Attorneys for Plaintiffs
Plaza 57, Suite 430
7301 S.W. 57th Court
South Miami, Florida 33143
Tel. No.      (305) 995-5300
Facsimile:    (305) 995-5310
jwalker@cruiselaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

/s/ James M. Walker
James M. Walker (755990)

# SERVICE LIST

### Rosemarie Hernandez v. Royal Caribbean Cruises, Ltd.
### Case No.: 10-21636-CV-HUCK/O'SULLIVAN

Curtis J. Mase, Esq.
*Counsel for the Defendant*
Mase Lara Eversole, P.A.
SBS Tower
2601 South Bayshore Drive
Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile:   (305) 377-0080
**Email: cmase@mletrial.com**

Valentina M. Tejera, Esq.
*Counsel for the Defendant*
Mase Lara Eversole, P.A.
SBS Tower
2601 South Bayshore Drive
Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile:   (305) 377-0080
**Email: vtejera@mletrial.com**

Sterling A. McMahan, Esq.
*Counsel for the Defendant*
Mase Lara Eversole, P.A.
SBS Tower
2601 South Bayshore Drive
Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile:   (305) 377-0080
**Email: smcmahan@mletrial.com**

Scott P. Mebane, Esq.
*Counsel for the Defendant*
Mase Lara Eversole, P.A.
SBS Tower
2601 South Bayshore Drive
Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile:   (305) 377-0080
**Email: smebane@mletrial.com**

Robert Michael Klein
*Counsel for Movant*
Stephens Lynn Klein. P.L.
9130 S. Dadeland Blvd, Penthouse I & II
Miami FL 33156
Telephone: (305) 670-3700
Facsimile: (305) 670-8592
**Email: KleinR@stephenslynn.com**

James M. Walker, Esq.
*Counsel for the Plaintiff*
Walker & O'Neill, P.A.
7301 S.W. 57th Court, Suite 430
South Miami, Florida 33143
Telephone: (305) 995-5300
Facsimile:   (305) 995-5310
**Email: jwalker@cruiselaw.com**

Jonathan Aronson, Esq.
*Co-Counsel for the Plaintiff*
Aronson Law Firm
P.O. Box 565130
Miami, Florida 33256
Telephone: (305) 665-8626
Facsimile: (305) 665-3429
**Email: jaronson@aronsonlawfirm.com**