UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  10-21636-CIV-HUCK/O'SULLIVAN

ROSEMARIE HERNANDEZ,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
                                           /

**DEFENDANT'S CONSOLIDATED REPLY IN SUPPORT OF APPEAL OF MAGISTRATE JUDGE O'SULLIVAN'S ORDER[1]**

**1. Introduction.**

The Order that denied Defendant's, ROYAL CARIBBEAN CRUISES, LTD. ("RCL"), First Amended Motion to Disqualify Plaintiff's Counsel, [DE 54 (the "Order")], is clearly erroneous and contrary to law because it fails to separately consider subsections (a) and (b) of Rule 4-1.9[2], Rules Regulating the Florida Bar.  *See* 28 U.S.C. §

---

[1] This consolidated reply is filed in opposition to two separate Responses filed by Plaintiff's counsel, [DE 81 and DE 82], on the same issue.  Mr. Aronson's Response consisted of nineteen (19) pages while Mr. Walker's Response was thirteen (13) pages long.  In the interest of judicial economy, RCL respectfully requests that this Court grant it permission to file a Consolidated Reply not exceeding twenty (20) pages, rather than two separate ten (10) page replies.

[2] Rule 4-1.9 states, in its entirety:
    A lawyer who has formerly represented a client in a matter shall not thereafter:
    (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
    (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; ***or***
    (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

**MASE LARA EVERSOLE**

636(b)(1)(A); *see also* Local Magistrate Rule 4(a)(1). Specifically, the Order erroneously failed to independently consider Jonathan Aronson's disqualification under each subsection of Rule 4-1.9 as required by the disjunctive language of the Rule itself and the Comments to the Rule. In so doing, the Order improperly imported subsection (a)'s "substantially related" standard into subsection (b). Additionally, the Order interpreted subsection (a) too narrowly and disregarded the Comments to the Rule by its interpretation. For the reasons that follow, reversal and disqualification of Aronson is warranted.[3]

**2. The Language and Comments to Rule 4-1.9(b) Require its Independent Application.**

Subsection (b), Rule 4-1.9, provides that an attorney must not "use information relating to the [prior] representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known." Rule 4-1.9, Rules Regulating the Florida Bar. Regarding subsection (b), the Comments provide: "[i]n the case of an organizational client, general knowledge of the client's policies and practices ordinarily will not preclude a subsequent representation; on the other hand, knowledge of specific facts gained in a prior representation that are *relevant* to the matter in question ordinarily will preclude such a representation." *In re Amendments to the Rules Regulating the Florida Bar*, 933 So.2d 417, 446 (Fla. 2006) (emphasis added)[4].

---

Rules Regulating the Florida Bar (emphasis added).

[3] Upon a finding in favor of Aronson's disqualification, his co-counsel, James Walker, must also be disqualified pursuant to Rule 4-1.10, Rules Regulating the Florida Bar.

[4] The Florida Supreme Court has expressly adopted the Comments to Rule 4-1.9 and as such they are authoritative. *In re Amendments to the Rules Regulating the Florida Bar*, 933 So.2d 417, 419 (Fla. 2006).

CASE NO.: 10-21636-CIV-HUCK/O'SULLIVAN

These Comments clarify that subsection (b) serves an independent ground for disqualification. Unlike subsection (a), which requires that cases be "substantially related," subsection (b) applies a broader relevancy standard. Despite the Rule and the Comments to the Rule, the Order provides that to prevail on a motion to disqualify, "the movant must establish: 1.) the existence of a prior attorney/client relationship…and 2.) that the matters in the pending suit are substantially related to the previous matter or cause of action." [DE 74, p. 6]. As to subsection (b), this interpretation is wrong because that subsection does not require that the matters be substantially related. In fact, the case law cited in support of that statement relates only to the interpretation of subsection (a) or other provisions expressly requiring substantial relatedness. *See Bochese v. Town of Ponce Inlet*, 267 F.Supp.2d 1240 (M.D. Fla. 2003); *McPartland v. ISI Investment Services, Inc.* 890 F.Supp. 1029 (M.D. Fla. 1995); *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725 (11th Cir. 1988). As such, the Magistrate Judge erroneously failed to consider subsection (b) separately from subsection (a).

The analysis in both *Tuazon v. Royal Caribbean Cruises, Ltd.*, 641 So.2d 417 (Fla. 3d DCA 1994), and *Morgan Stanley & Co., Inc. v. Solomon*, 2009 WL 413519 (S.D. Fla. Feb. 19, 2009), indicates independent consideration of subsection (b) from subsection (a) is necessary. Notably in *Tuazon*, the petition for certiorari was brought by the Plaintiff from an order that *granted* disqualification based on subsection (b) because it "does not permit the use of information relating to the representation of a client to the disadvantage of a former client." 641 So.2d at 417 n.1. The Florida district court affirmed the order writing:

> The cause for concern is the fact that Plaintiff's attorney worked as a
> claims adjuster for Nautical Services, Inc., the local claims agent for the

> Defendant's insurer. He adjusted, evaluated, investigated and handled claims on behalf of the Defendant, some of which claims were of the *type* involved in this case. Plaintiff's attorney (in his capacity as adjuster) was and (in his capacity as attorney) is privy to the confidential procedures and policies of the Defendant.

*Id*. at 418 n. 1 (emphasis added). The district court held that this type of knowledge "falls squarely within the proscription of the rule" – that is Rule 4-1.9(b). *Id.* The issue – as phrased by the state district court – is not whether the matters were substantially related, but whether "the information (not generally known) put the Defendant at an unfair disadvantage?" *Id*. The district court found that it did. *See id*. So should this Court. *See In re Donald E. Wilkes*, 494 F.2d 472, 474-475 (Fla. 5th DCA 1974)("Federal courts must 'determine for ourselves the right to continue to be a member of…(the federal Bar)' after giving 'intrinsic consideration' to the underlying record.").

Even though *Tuazon* is on all fours with the facts of this case, the Magistrate Judge attempted to distinguish that case, writing that "Mr. Aronson was never an employee of the defendant" and that the facts of that case involved "substantially similar matters brought by other seamen." [DE 74, p. 9]. The adjuster in *Tuazon* was not an employee of defendant. Rather, and like Aronson, he was an agent who performed services for the company. In any event, whether Mr. Aronson was an employee of the defendant is inapposite of the issue of his disqualification.

Likewise, the court in *Morgan Stanley* separately analyzed subsection (b) from subsection (a). *See* 2009 WL 413519 at * 5-6. The Order recognized this, but still required that there be a "substantial relationship between the slip and fall cases Mr. Aronson previously worked on for the defendant and the instant case." [DE 74, p. 11]. This is wrong. In *Morgan Stanley*, the court's analysis of subsection (b) did not focus on

Case 1:10-cv-21636-PCH   Document 92   Entered on FLSD Docket 10/14/2010   Page 5 of 14

CASE NO.: 10-21636-CIV-HUCK/O'SULLIVAN

subsection (a)'s substantially related standard. Rather, it found that the attorney's prior representation in that case gave him nothing more than *general knowledge* easily obtainable by a reasonably prudent lawyer who had not previously represented Morgan Stanley. *See* 2009 WL 413519 at * 6. The court distinguished *Tuazon* because that case involved information that was not "generally known." *Id*.

Aronson relies on a footnote in *Morgan Stanley* to read the "substantially related" standard into the court's discussion of subsection (b). *Id.* at * 6 n.4 (the footnote provides: "The Court also notes that, to the extent the Rule requires a showing that the matters are substantially related, the Court has found no substantial relationship between the current arbitrations and Mr. Solomon's previous work for Morgan Stanley. *See Key Largo Rest., Inc. v. T.H. Old Town Assocs., Ltd*., 759 So.2d 690, 693 (Fla. Dist. Ct. App. 2000).")."). That argument is unavailing. The *Morgan Stanley* court did not hold that subsection (b) requires a showing of substantial relatedness; rather, it noted that one portion of the Rule requires such.

In fact, *Morgan Stanley* supports Aronson's disqualification under the facts of this case. Unlike *Morgan Stanley*, which involved the attorney's "general knowledge" of that company's general policies and practices, this case involves knowledge of *specific facts* that are *relevant* to the matter in question. *See* 2009 WL 413519 * 5-6 (*citing Health Care and Retirement Corp. v. Bradley*, 944 So.2d 508 (Fla.Dist.Ct.App.2006)). An attorney's possession of that type of knowledge requires disqualification. Rule 4-1.9, Rules Regulating the Florida Bar; *In re Amendments to the Rules Regulating the Florida Bar*, 933 So.2d at 446 (Fla. 2006). Yet, the Order makes no finding in this regard.

5
**MASE LARA EVERSOLE**

CASE NO.: 10-21636-CIV-HUCK/O'SULLIVAN

Aronson admitted to possessing such specific knowledge – the type that requires disqualification under subsection (b) – during his deposition. For over ten years, Aronson worked on a number of passenger cases involving slip and falls. [Aronson[5] at 46, 90-91, 116, 173-174]. In so doing, he consulted experts, [Aronson at 25-27, 34], and became aware of specific facts regarding safety issues pervasive to RCL ships that are *relevant* in this matter and that will place RCL at a disadvantage. Aronson has knowledge of *specific* safety issues relating to slip and falls on RCL ships and of *specific* remedial actions RCL either has taken or considered to remedy these issues. [Faso[6] at 301-302]. Some of these remedial actions were suggested by Aronson himself. [Faso at 301-302]. Aronson also helped develop RCL's strategies for keeping this safety information confidential, (*see* Affidavit of Amy Yarrow at ¶ 9), and attended a meeting conducted by RCL during which defense counsel discussed methods of keeping specific RCL safety studies and other relevant information confidential. [Aronson at 58-60]. This information pertains to claims that are "of the *type* involved in this case." *See, e.g.*, *Tuazon*, 641 So.2d at 418 n.1 (emphasis added).

The Order, as well as Aronson and Walker, indicate RCL's failure to identify the particular confidential information possessed by Aronson. No such showing is required, however. The Comments to the Rule provide that a party seeking disqualification is not "required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the

---

[5] "Aronson" refers to the August 26, 2010 Deposition of Jonathan Aronson filed with this Court, followed by the appropriate page number.

[6] "Faso" refers to the August 16, 2010 Deposition of Salvatore Faso filed with this Court, followed by the appropriate page number.

subsequent matter." *In re Amendments to the Rules Regulating the Florida Bar*, 933 So.2d at 446. Rather, "a *conclusion* about the possession of such information may be based on the *nature* of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services." *Id.* (emphasis added); *see also State Farm Auto. Ins. Co. v. K.A.W.*, 575 So.2d 630, 633-634 (Fla. 1991). Here, based on the evidence, the conclusion is that Aronson has confidential information that is relevant to this case based on the nature of his prior services for RCL.

Further, the law does not support Aronson and Walker's contention that a substantial relationship must first be established for a party seeking disqualification to avoid having to identify confidential information. [DE 81, p. 9-10, DE 82, p. 10-11]; *see also Health Care and Retirement Corp. of America v. Bradley*, 944 So.2d 508, 512 (Fla. 4th DCA 2006) ("the former client need show only that an attorney-client relationship existed, thereby giving rise to the irrefutable presumption that confidences were disclosed during the course of that relationship"), *citing Junger Util. & Paving Co. v. Myers*, 578 So.2d 1117, 1119 (Fla. 1st DCA 1989). On this point, Walker compares the current situation to general pre-trial discovery, where "parties wishing to protect confidential information from disclosure are … required to disclose the existence of such information in a privilege log and to identify it with specificity." [DE 81, p. 8]. Walker's comparison is off-point, however, because in pretrial discovery the party providing a privilege log does so only *after* the opposing party requests specified information. Here, Walker and Aronson are asking RCL to disclose in the first instance the confidential information it seeks to protect. Requiring RCL to provide a road map to its privileged information undermines the very purpose of the Rule. *See K.A.W.*, 575 So.2d 630 (once an attorney

client relationship is established, an irrefutable presumption that confidences were disclosed arises in recognition of "difficulty of proving that confidential information useful to the attorney's current client was given to the attorney. It also protects the client by not requiring disclosure of confidences previously given to the attorney."). Succinctly, "[i]t would appear to defeat the confidential nature of the information if the former client were required to prove what confidential information was revealed to its former attorney." *Health Care and Retirement Corp. of America, Inc.*, 944 So.2d at 512.

RCL has demonstrated that the information Aronson possesses is relevant to this case because he is aware of specific safety issues pervasive to RCL's ships and has knowledge about how to get around RCL's assertions of privilege regarding those issues. Aronson has worked on passenger slip and fall cases similar to the one in issue[7] and, as a result, knows confidential information specifically relevant to the instant matter which involves a slip and fall case aboard one of RCL's vessels. The vast amount of knowledge that Aronson has in his "vapid cranium," [Aronson at 78], puts RCL at a considerable disadvantage which clearly violates subsection (b), even if it does not meet subsection (a)'s substantially related standard. The Rule strives to promote a fair adversarial system which "cannot function fairly or effectively if an attorney has an informational advantage in the form of confidences gained during a former representation of his client's current opponent." *K.A.W.*, 575 So.2d at 632. Allowing Aronson to continue in his representation of Plaintiff despite the informational advantage he possesses due to his prior representation of RCL impedes the functioning of a fair adversarial system.

---

[7] Aronson stated in his deposition that he handled "[s]lip and fall[s] on water, spilled drinks, food, vomit, everything," [Aronson at 173], and in response to questioning as to what kind of passenger cases he handled, he replied "more the slip and trip." [Aronson at 46].

Accordingly, Aronson must be disqualified due to the specifically relevant information he possesses which impairs RCL's ability to defend itself in the current matter.

3. **The Magistrate Judge's Interpretation of "Substantially Related" is Too Narrow.**

The Magistrate Judge's interpretation of subsection (a)'s "substantially related" standard is excessively narrow. The Order provides that Aronson did not previously perform work for RCL that is substantially related to the current matter because none of Aronson's prior slip and fall cases involve *proximity* to the Flow Rider and "the facts of a slip and fall case are specific to each case." [DE 74, p. 8]. In so holding, the Order effectively limits the definition of "substantially related" to factually identical cases. This interpretation is wrong.

The case law cited in the Order does not support reading "substantially related" as requiring exact similarity, but rather indicates a broader standard. In *McPartland v. ISI Investment Services, Inc.*, the Middle District Court of Florida held that to be substantially related the matters "need *only* be akin to the present action in a way *reasonable* persons would understand as *important* to the issues involved." 890 F.Supp. 1029, 1031 (M.D. Fla. 1995) (emphasis added). Although the Order referenced *McPartland's* test, it failed to correctly apply it to the current case.

This case is substantially related to the matters previously handled by Aronson for RCL under *McPartland* because a reasonable person would clearly recognize that Aronson's ten year representation of RCL on an estimated 300 cases, many of which involved passenger slip and falls claims occurring on RCL's vessels, is akin in a way reasonable persons would understand as important to the issues involved. Likewise,

*Contant v. Kawasaki Motors Corp., U.S.A., Inc.*, 826 F.Supp. 427 (M.D. Fla. 1993), another case relied upon by the Order, recognizes a broader "substantially related" standard than that applied in the Order. In *Contant*, the district court considered as important under subsection (a) [8] an attorney's knowledge "of practices used by the Defendant in fighting a product liability action." *Id.* at 429.

Finally, the Order refers to *Bradley* for a narrow interpretation of "substantially related." A close reading of *Bradley*, however, does not support a narrow reading of subsection (a) because its facts involved an attorney who previously represented the company for claims arising in a different nursing home facility and for claims involving a different *type* of negligence. 944 So.2d 508, 510 n.1 (Fla. 4th DCA 2006). The factual limitation in the footnote is not expanded upon in the opinion, but it nonetheless indicates that disqualification was not warranted in that case because the attorney there was handling different types of matters that did not implicate important matters akin to his subsequent representation. Thus, *Bradley* does not address this case which involves claims for the same type of negligence.

Walker contends that the Order uses a "lower threshold than that of 'substantially related'" because it "required that there be a connection between the work previously performed by Aronson on behalf of the cruise line and the present case." [DE 81, p. 5]. The Order, however, provides that there must be a connection between the previous work "Aronson performed for the defendant" and "the subject stair case or the Flo Rider [sic] surfing activity." [DE 74, p. 12]. This language demonstrates that it is interpreting

---

[8] *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020 (Fla. 5th DCA 1981), another case cited by the Order considers disqualification under the then-effective ABA Code of Professional Responsibility, not under Rule 4-1.9.

substantially related much more narrowly than Walker suggests because it implies only that claims involving the same stair case near a Flow Rider machine satisfy the substantially related standard.

The case law interpreting The Order failed to consider the language of the Comments which provide that the "scope of a 'matter' for purposes of rule 4-1.9(a) may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree." *In re Amendments to the Rules Regulating the Florida Bar*, 933 So.2d at 445. The nature of Aronson's ten year representation of RCL on an estimated 300 cases is unique to this case.[9] As a result of Aronson's extensive involvement with RCL throughout his decade long representation and the breadth of knowledge he possesses not only about RCL in general but about facts specifically relevant to the current case, the scope of a matter as applied here must be broader and cannot be confined simply to cases involving slip and falls on the Flow Rider deck. The "substantially related" standard of subsection (a) does not require that the prior and subsequent cases be identically the same. Accordingly, the Magistrate Judge's interpretation of subsection (a) is erroneous and requires reversal.

---

[9] Walker and Aronson cite no case in which an attorney represented a former client for such a long period of time or on such a large number of cases. In *Morgan Stanley* the attorney worked on cases for his former clients for a mere two years, handling only two arbitrations, 2009 WL 413519, at *1, while in *Bradley* the attorney handled an estimated 60 cases over a period of three years for his previous client. 961 So.2d at 1072 (Fla. 4th DCA 2007).

CASE NO.: 10-21636-CIV-HUCK/O'SULLIVAN

## **CONCLUSION**

WHEREFORE, Defendant, Royal Caribbean Cruises Ltd., respectfully requests this Honorable Court enter an order reversing Magistrate Judge O'Sullivan's denial of Defendant's First Amended Motion to Disqualify Plaintiff's Counsel, and enter an order disqualifying Plaintiff's counsel, Jonathan Aronson and James Walker, in this case.

        Respectfully submitted,

        MASE LARA EVERSOLE, P.A.
        *Attorneys for Defendant*
        2601 South Bayshore Drive, Suite 800
        Miami, Florida 33133
        Telephone:  (305) 377-3770
        Facsimile:  (305) 377-0080

By:  ___-s-*Curtis J. Mase*___
        CURTIS J. MASE
        Florida Bar No. 478083
        cmase@mletrial.com
        SCOTT P. MEBANE
        Florida Bar No.: 273030
        smebane@mletrial.com
        VALENTINA M. TEJERA
        Florida Bar No.: 536946
        vtejera@mletrial.com

CASE NO.: 10-21636-CIV-HUCK/O'SULLIVAN

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2010, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parities who are not authorized to received electronically Notices of Electronic Filing.

                                                                                              *-s-Scott P. Mebane*
                                                                                         SCOTT P. MEBANE

CASE NO.: 10-21636-CIV-HUCK/O'SULLIVAN

**SERVICE LIST**
**ROSEMARIE HERNANDEZ v. ROYAL CARIBBEAN CRUISES, LTD.**
**SOUTHERN DISTRICT COURT OF FLORIDA**
**MIAMI DIVISION**
**Case No.: 10-21636-CV-HUCK/O'SULLIVAN**

James M. Walker, Esq.
*Co-Counsel for Plaintiff*
Walker & O'Neill, P.A.
7301 S.W. 57th Court, Suite 430
South Miami, FL  33143
Telephone:  (305) 995-5300
Facsimile:  (305) 995-5310
**Email: jwalker@cruiselaw.com**

Jonathan Aronson, Esq.
*Co-Counsel for Plaintiff*
Aronson Law Firm
P.O. Box 565130
Miami, FL  33256
Telephone:  (305) 665-8626
Facsimile:  (305) 665-3429
**Email: jaronson@aronsonlawfirm.com**

Robert Michael Klein
*Counsel for Movant*
Stephens Lynn Klein. P. L.
9130 S Dadeland Boulevard, Penthouse I & II
Miami, FL 33156
Telephone: (305) 670-3700
Facsimile: (305) 670-8592
**Email: KleinR@stephenslynn.com**

18114/382v2